THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MANUAL COTTA, JR.,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

No. 3:13-cv-0033-PA

**ORDER**

**PANNER, J.**

    Plaintiff Manual Cotta, Jr. brings this personal injury action against the United States under the Federal Tort Claims Act (FTCA). Plaintiff drove a truck for Lange Trucking, Inc., a private contractor that transported mail for the U.S. Postal Service. Plaintiff claims that defendant is liable for a neck injury he suffered while unloading mail containers from a truck.

    After the court trial on liability, I conclude that defendant is liable for plaintiff's injury. These are my findings of fact and conclusions of law.

1 - ORDER

## FINDINGS OF FACT

### I. The Contract Between Defendant and Lange Trucking

Lange Trucking worked exclusively for the Postal Service. Lange Trucking's contract with the Postal Service required that Lange Trucking "load, transport, and unload all classes of mail." Pl.'s Ex. 20, ¶ B.1.4(h). Under the contract, the Postal Service set the routes, schedules, equipment, and almost every other aspect of transporting mail.

### II. Plaintiff's Injury

Plaintiff drove for Lange Trucking almost daily between April and June 2010. On Monday afternoons, plaintiff drove a truckload of mail from Goshen, Oregon to the Postal Service's Portland Processing and Distribution Center (P&DC).

When he arrived at the Portland P&DC, plaintiff would request assistance from Postal Service employees. Lange Trucking's contract with the Postal Service provided, "In order to maintain schedule, postal personnel may assist with loading and unloading." Id., ¶ B.1.4(e). For each of plaintiff's deliveries to the Portland P&DC up to May 3, 2010, the Postal Service provided employees to help plaintiff unload his truck. But on May 3, after a Postal Service employee directed plaintiff to a loading dock, the employee first ignored and then ridiculed plaintiff's requests for assistance.

I credit plaintiff's testimony that a Postal Service employee rejected his request for assistance. Plaintiff is the only witness with any recollection of the incident on May 3, 2010. The minor discrepancies in plaintiff's memory of events do not undermine the gist of plaintiff's testimony that he

2 - ORDER

requested help and a Postal Service employee sarcastically rejected his request.

The Postal Service is well aware of the safety issues posed by unloading heavy containers. The Postal Service has an admirable policy that makes safety its primary goal, overriding considerations of quality, production, or cost. In addition to its general policies promoting workplace safety, the Postal Service provides specific guidelines for loading and unloading mail containers. The Postal Service Highway Contractor Safety Manual advises, "If a container is particularly heavy, get help." Pl.'s Ex. 3, ¶ 242.c. Similarly, the Postal Service Supervisor's Safety Handbook cautions, "Never allow employees to lift very heavy or cumbersome objects without sufficient help." Pl.'s Ex. 1, ¶ 8-12.3.

Here, after the Postal Service denied plaintiff's request for help, he tried to unload the truck by himself. The truck was loaded with a variety of mail containers, including "Over-the-Road" containers (OTRs). OTRs are heavy-duty aluminum containers on four wheels, with a maximum capacity of 1,500 pounds. A Postal Service handbook entitled "Container Methods" states, "Engage two employees or a tow tractor, when necessary, to maneuver heavy BMC[1]/OTRs." Pl.'s Ex. 2, ¶ 242.21.c.

Plaintiff moved four or five OTRs by himself off the trailer onto the loading dock without incident. But the next OTR was too heavy for him to push from behind by himself. The OTR also had a loose wheel, adding to plaintiff's difficulty.

---

1. BMC is an acronym for "Bulk Mail Containers."

3 - ORDER

Because plaintiff could not push the heavy OTR from behind, he attempted to pull it off the trailer while looking backwards over his shoulder. Plaintiff had to exert considerable force to pull the OTR because of its weight and the upward slope of the ramp leading to the loading dock. When plaintiff had nearly reached the loading dock, the OTR's wheels hit a metal plate connecting the trailer to the dock, causing the OTR to bounce suddenly. The OTR's abrupt movement jerked plaintiff backwards and hyper-extended his neck. He felt a "pop" and a pinch in his neck, and immediately suffered burning pain down his arm, hands, and into his chest. Plaintiff went to his knees because of the pain and stayed there for several minutes. A Postal Service employee then helped plaintiff unload the remaining containers.

Plaintiff wanted to keep his job with Lange Trucking, so he continued driving for several weeks despite his neck injury. When plaintiff made deliveries to the Portland P&DC on May 10 and 17, 2010, Postal Service employees helped him unload his truck. Plaintiff's neck pain worsened and working became nearly impossible. Plaintiff was diagnosed with severe permanent damage to a cervical disk and underwent neck surgery on June 23, 2010. I find that plaintiff's neck injury was caused by the May 3, 2010 incident.

### CONCLUSIONS OF LAW

Under the FTCA, "The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. "The FTCA waives the government's sovereign immunity for tort

4 - ORDER

claims arising out of negligent conduct of government employees acting within the scope of their employment." <u>Terbush v. United States</u>, 516 F.3d 1125, 1128 (9th Cir. 2008). To determine liability under the FTCA, the court looks to the tort law of the state where the claim arose. <u>See</u> 28 U.S.C. §§ 1346(b), 2672.

Here, plaintiff brings two FTCA claims, one under the Oregon Employer Liability Law, and the other under common-law negligence.

## I. Employer Liability Law

The Employer Liability Law (ELL), Or. Rev. Stat. §§ 654.305 to 654.336, "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." <u>Woodbury v. CH2M Hill, Inc.</u>, 335 Or. 154, 159, 61 P.3d 918, 921 (2003). Under the ELL,

> Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

Or. Rev. Stat. § 654.305.

Although Lange Trucking was plaintiff's employer when he was injured, the Postal Service may be liable to plaintiff under the ELL as an "indirect employer." An indirect employer either "(1) is engaged with the plaintiff's direct employer in a 'common enterprise'; (2) retains the right to control the

5 - ORDER

manner or method in which the risk-producing activity was performed; or (3) actually controls the manner or method in which the risk-producing activity is performed." Woodbury, 335 Or. at 160, 61 P.3d at 921 (footnote omitted).

To satisfy the actual control test, the defendant must control "'the manner or method in which the risk producing activity is performed.'" Gibson v. Owyhee Produce, LLC, No. 3:11-cv-1132-SI, 2012 WL 380229, at *6 (D. Or. 2012) (quoting Woodbury, 335 Or. at 160, 61 P.3d at 921). Here, the Postal Service controlled virtually every aspect of unloading mail at the Portland D&PC, dictating the types of containers used, the amount of mail, the dock for each load, and the schedule for unloading. Most importantly, the Postal Service controlled whether its employees would assist plaintiff. I conclude that the Postal Service was plaintiff's indirect employer under the actual control test. Similarly, because of the Postal Service's comprehensive regulations and guidelines on unloading trucks at the P&DC, the Postal Service retained the right to control unloading. See Gibson, at *5 (plaintiff must show the legal authority for defendant's right to control the risk-producing activity). I need not address the common enterprise test.

Applying the ELL here, I conclude that unloading trucks at the Portland P&DC dock was an activity "involving a risk or danger to the employees." Or. Rev. Stat. § 654.305. The Postal Service's handbooks and manuals emphasize the dangers of improperly handling cargo, and the need to assist contract workers who are unloading heavy mail containers. OTRs may

6 - ORDER

contain 1500 pounds of mail. Moving a fully loaded OTR without assistance poses a risk of injury. By failing to provide an employee to assist plaintiff when he attempted to move the OTR, the Postal Service did not "use every device, care and precaution that is practicable to use for the protection and safety of life and limb." Or. Rev. Stat. § 654.305. I conclude that defendant's failure to assist plaintiff caused his injury. Defendant is liable to plaintiff under the ELL.

## II. Negligence

Plaintiff also brings a negligence claim against defendant. To show negligence, "the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." Fazzolari v. Portland School Dist. No. 1J, 303 Or. 1, 17, 734 P.2d 1326, 1336 (1987).

Here, defendant reasonably should have foreseen that it would endanger plaintiff by rejecting his request for assistance. The Postal Service was aware that moving fully loaded OTRs safely often required more than one person or mechanical assistance. On every other occasion plaintiff transported mail to the Portland P&DC, before and after his injury, the Postal Service did provide assistance. If the Postal Service could not have spared an employee to assist plaintiff, it could have permitted plaintiff to use equipment to help unload the OTR, or told plaintiff to wait until an employee was available.

I conclude that defendant's negligence in failing to

7 - ORDER

provide assistance to plaintiff on May 3, 2010 caused his neck injury.

## CONCLUSION

Defendant is liable to plaintiff under the Employer Liability Law and common-law negligence. The court will set a trial to determine damages.

IT IS SO ORDERED.

DATED this __16__ day of May, 2014.

OWEN M. PANNER
U.S. DISTRICT JUDGE

8 - ORDER