THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MANUEL COTTA, JR.,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

No. 3:13-cv-0033-PA

**ORDER**

**PANNER, J.**

    Plaintiff Manuel Cotta, Jr. brings this personal injury action against the United States under the Federal Tort Claims Act (FTCA). After court trials on liability and damages, I entered judgment for Plaintiff.

    Defendant now moves to reconsider the denial of its motion to dismiss. Plaintiff seeks costs as the prevailing party.

    I deny Defendant's motion for reconsideration. I award Plaintiff $5,700.77 in costs.

**I. Motion for Reconsideration**

    Defendant renews its argument that there is no subject matter jurisdiction because of the FTCA's discretionary

1 - ORDER

function exception.  Defendant also contends, for the first
time, that Plaintiff's claim is barred because under these
facts, a private employer in the same position as the Postal
Service would be protected from suit by Oregon worker's
compensation law.

**A.   The Discretionary Function Exception to FTCA Liability
Does Not Apply**

### 1.   The Discretionary Function Exception

The FTCA provides, "The United States shall be liable . .
. in the same manner and to the same extent as a private
individual under like circumstances . . . ."  28 U.S.C. § 2674.
"The FTCA waives the government's sovereign immunity for tort
claims arising out of negligent conduct of government employees
acting within the scope of their employment."  Terbush v.
United States, 516 F.3d 1125, 1128 (9th Cir. 2008).

The FTCA's discretionary function exception bars claims
"based upon the exercise or performance or the failure to
exercise or perform a discretionary function or duty on the
part of a federal agency or an employee of the Government,
whether or not the discretion involved be abused."  28 U.S.C. §
2680(a).  The discretionary function exception protects the
government from "'judicial "second guessing" of legislative and
administrative decisions grounded in social, economic, and
political policy through the medium of an action in tort.'"
Terbush, 516 F.3d at 1129 (quoting United States v. S.A.
Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467
U.S. 797, 814 (1984)).  "The government bears the burden of
proving that the discretionary function exception applies."

GATX/Airlog Co. v. United States, 286 F.3d 1168, 1174 (9th Cir.
2002).

     To determine whether the discretionary function exception
applies, the court asks "(1) whether challenged actions involve
an element of judgment or choice; and (2) if a specific course
of action is not specified, whether the discretion left to the
government is of the kind that the discretionary function
exception was designed to shield, namely, actions and decisions
based on considerations of public policy." Myers v. United
States, 652 F.3d 1021, 1028 (9th Cir. 2011).

     "[T]he discretionary element is not met where 'a federal
statute, regulation, or policy specifically prescribes a course
of action for an employee to follow.'" Terbush, 516 F.3d at
1129 (quoting Berkovitz by Berkovitz v. United States, 486 U.S.
531, 536 (1988)). Here, Defendant cannot satisfy the first
part of the test. The Postal Service has a policy of assisting
truck drivers with loading and unloading, and the Postal
Service's violation of this policy caused Plaintiff's injuries.
"If there is such a statute or policy directing mandatory and
specific action, the inquiry comes to an end because there can
be no element of discretion when an employee 'has no rightful
option but to adhere to the directive.'" Id. (quoting
Berkovitz, 486 U.S. at 536).

     In Kwitek v. United States Postal Service, 694 F. Supp. 2d
219 (W.D.N.Y. 2010), the district court held under similar
circumstances that the discretionary function exception did not
apply. There, the plaintiff was a truck driver for a private
contractor to the Postal Service. The plaintiff injured

3 - ORDER

himself while loading his truck because no Postal Service
employees were available to help, and he was told he was on his
own.   Before the plaintiff's injury, the Postal Service had
always provided employees to load the plaintiff's truck.

The court in Kwitek concluded that the evidence
"indicat[ed] a reasonable expectation on behalf of both
plaintiff and [Postal Service] employees that someone other
than plaintiff would be available on the day in question to
load mail."   Id.   The court concluded the government failed to
establish that the discretionary function exception applied.

The same reasoning applies here.   I deny the motion to
reconsider my ruling on the discretionary function exception.

### B.   Oregon Worker's Compensation Law

Defendant also contends that a private employer in the
same situation as the Postal Service would be protected from
suit under Oregon worker's compensation statutes.   In resolving
FTCA claims, this court looks to the tort law of the state
where the claim arose.   See 28 U.S.C. §§ 1346(b), 2672.

Oregon applies a "right to control" test to determine
whether a worker is a "subject employee" and therefore barred
by worker's compensation law from bringing suit against his
employer.   Under the right to control test, the court considers
(1) the employer's right to control the details of the method
of performance; (2) the extent of the employer's control over
work schedules; (3) the employer's right to terminate the
worker; and (4) payment of wages.   Schmidt v. Intel Corp., 199
Or. App. 618, 622, 112 P.3d 428, 431 (2005).

Here, Defendant has satisfied the first factor because the

4 - ORDER

Postal Service controlled Plaintiff's method of performance
when he loaded and unloaded mail at the Portland facility.   But
Defendant has not presented evidence that the other three
factors are satisfied.   Plaintiff's employer, Lange Trucking,
not the Postal Service, controlled Plaintiff's work schedule;
Lange Trucking, not the Postal Service, had the right to
terminate Plaintiff; and Lange Trucking, not the Postal
Service, paid Plaintiff's wages.

In <u>Schmidt</u>, Intel did have the right to exclude the
plaintiff from its premises, but Intel did not have the right
to fire him.   Similarly, here the Postal Service could withdraw
its permission for Plaintiff to be on its property, but it
could not terminate him.   I conclude this court has subject
matter jurisdiction over Plaintiff's claims.

I need not address Plaintiff's argument that Defendant
waived this argument by failing to raise it sooner.

## II.   Bill of Costs

Under 28 U.S.C. § 1920, a federal court may tax specific
items as costs against a losing party pursuant to Federal Rule
of Civil Procedure 54(d)(1).   The court has broad discretion to
allow or to disallow a prevailing party to recoup costs of
litigation, but the court may not tax costs beyond those
authorized by § 1920.   See <u>Frederick v. City of Portland</u>, 162
F.R.D. 139, 142 (D. Or. 1995).

Defendant objects to Plaintiff's requested costs for
"scanning and emailing documents" and "videoconference" for
the deposition of Rebecca Lee, who would not be appearing at
trial.   Lee's deposition was conducted in California.

5 - ORDER

Deposition costs are taxable if the deposition was "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition."  Frederick, 162 F.R.D. at 143.

Here, Lee's videotaped deposition was used at trial.  The cost was reasonable for recording the deposition.  See Adidas America, Inc. v. Payless Shoesource, Inc., 2009 WL 302246, at *3 (D. Or. 2009).

Defendant argues that the cost of scanning and emailing documents for the deposition was not reasonably necessary. Defendant contends that these costs were incurred only because Plaintiff's counsel chose not to attend the deposition in person.  Plaintiff responds that if his counsel had attended the deposition in person, there would taxable costs incurred for copying documents used at the deposition.  I conclude that the requested costs are reasonable.

Defendant objects to Plaintiff's request for $504.15 for the video perpetuation deposition of an expert witness.  I conclude that this request is reasonable because the expert was not available to testify at trial.

Defendant objects to Plaintiff's request for the cost of obtaining medical records, $810.00, based on Plaintiff's failure to submit supporting documents.  In his response to this objection, Plaintiff states that he attached the

6 - ORDER

supporting invoices as Exhibit C.  But no such exhibit appears on the docket sheet.  I deny these requested costs for lack of documentation.  See Hunt v. City of Portland, 2011 WL 3555772, at *11 (D. Or. 2011).

Defendant objects to Plaintiff's request for $226.00 for Plaintiff's own witness fees and mileage expenses.  In response to the objection, Plaintiff has dropped this request.

### CONCLUSION

Defendant's motion for reconsideration (#90) is denied. Plaintiff is awarded $5,700.77 in costs.

IT IS SO ORDERED.


DATED this ___22___ day of January, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE